THE OHIO TRACTION CO. v. PERKINS.

*Negligence—Res ipsa loquitur inapplicable—Electrolysis of water pipes.*

The doctrine of *res ipsa loquitur* does not apply in an action by an owner of real estate against a traction company for damages to water pipes which were rendered useless by disintegration due to electrolysis alleged to have resulted from the escaping of electricity from the rails of the defendant company's tracks, which electricity is alleged to have escaped because of defendants negligently and ineffectively connecting the rails of the track which carried the return current.

(Decided December 18, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. Kenneth Rogers,* for plaintiff in error. *Messrs. Roettinger & Street,* for defendant in error.

BUCHWALTER, J. The municipal court of Cincinnati gave judgment upon verdict for plaintiff, now defendant in error. The court of common pleas, finding the verdict manifestly against the weight of the evidence, reversed the judgment and sent the cause back for new trial.

Error is prosecuted here by the defendant below, on the ground that final judgment should have been rendered for defendant by the court of common pleas.

Defendant in error has filed a cross-petition in error, seeking reversal of the judgment of the court of common pleas returning the cause for

a re-trial, and asking an affirmance of the judgment of the municipal court.

The plaintiff in the original action was the owner of two pieces of real estate at DeCamp avenue and Springfield pike, in Hartwell, Hamilton county. Certain water pipes, connecting plaintiff's premises with the water mains, were rendered useless by disintegration of the pipes, due to electrolysis, which plaintiff claimed resulted from the escaping of electricity from the rails of the defendant company, which electricity escaped because defendant negligently, carelessly, imperfectly and inefficiently connected the rails of its tracks, which rails carried the return current.

The defendant company was operating a single trolley system, the return current passing through the wheels to the rails, and thence back to the power house.

Interrogatories were answered by the jury to the effect that they did not know whether the bonds connecting the defendant company's rails were broken, or in an imperfect condition; nor whether any bond was of a less capacity to carry the current than the rails which it connected. It is upon the answers to these interrogatories that the defendant relies for a reversal of the judgment of the court of common pleas, and for judgment.

It is admitted that the damage was caused by what is known as electrolysis, as a result of stray currents escaping from the rails. No excavation had been made around the point to determine just what the condition of the bond was, or how it was joined to the rails. The jury made a finding that the company was negligent in permitting such an amount of current to escape, and that this caused

the injury. This was practically a finding that the fact of the escape of the electric current raised a presumption of negligence. This is shown by the answers to the interrogatories, and it is evident from the record that the case was tried upon that theory. However, the doctrine of *res ipsa loquitur* does not apply. In the third proposition of the syllabus in the case of *Marsh* v. *Lake Shore Electric Ry.,* 7 C. C., N. S., 405, it is held:

"In the absence of a contractual relation between the parties, or of a statute regulating the matter, the doctrine of *res ipsa loquitur* applies only to the case of such highly dangerous things or agencies as are kept or used solely because of their highly dangerous character, and not to electricity which is classed with steam rather than dynamite."

The jury did not find any specific act of negligence. There was some proof offered which was sufficient to warrant the cause being submitted to the jury.

We do not find therefore that the court of common pleas committed prejudicial error in reversing the cause and ordering a new trial. The judgment of that court will, therefore, be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.